UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                           Case No. 04-12614-WRS
                                                                Chapter 7
WILLIAM M. HENDRIX and
ANITA H. HENDRIX,

## MEMORANDUM DECISION

This Chapter 7 bankruptcy case is before the Court upon the Trustee's objection to a claim of a homestead exemption made by Anita H. Hendrix, one of the Debtors in this case. (Doc. 44). The Trustee does not object to the claim of exemption made by William Hendrix, Anita's husband and co-debtor. The parties agree that the facts are not in dispute and that their dispute is solely as to the application of the law to these undisputed facts. The parties have filed briefs. (Docs. 54, 55).

## I. FINDINGS OF FACT

Anita and William Hendrix filed a joint petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on November 16, 2004. On July 19, 2007, they converted their case to a case under Chapter 7. After conversion of the case, a Chapter 7 Trustee was appointed who now objects to the claim of Anita Hendrix for a $5,000.00 homestead exemption. These facts may be gleaned from the briefs filed by the parties.

The Debtors have been married at all times relevant to these proceedings, residing together in their residence in Red Level, Alabama. Their residence consists of a mobile home which has been permanently affixed to the real property. The real property in question is owned solely by William Hendrix. It is undisputed that Anita does not own a fee interest, or any

interest of record. The real property is subject to a mortgage which was executed by both William and Anita.[1]

## II. CONCLUSIONS OF LAW

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(B).

Section 522 of the Bankruptcy Code permits a debtor to exempt certain property from the estate, setting it apart for the use of the debtor and his family. The Bankruptcy Code permits the States to opt out of the Federal exemptions and provide only the State law exemptions for debtors in bankruptcy. 11 U.S.C. § 522(b); ALA. CODE § 6-10-11; see also, In re Simmons, 308 B.R. 559, 562 (Bankr. M.D. Ala. 2004); In re Hughes, 306 B.R. 683, 685 (Bankr. M.D. Ala. 2004).

Anita Hendrix claims that she has an interest in the homestead which is exempt pursuant to ALA. CODE § 6-10-2. That section provides, in part, as follows:

> The homestead of every resident of this state, with the improvements and appurtenances, no exceeding in value $5,000 and in area 160 acres, shall be, to the extent of any interest he or she may have therein, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts during his or her life and occupancy . . . When a husband an wife jointly own a homestead each is entitled to

---

[1] The Debtors' Schedules list the mobile home as personalty on Schedule B, contrary to the argument in their brief. Moreover, Covington County Bank claims that it is secured, yet no mortgage is attached to either of its proofs of claim on file with the Court. (Claims No. 2 and 3). The Bank did attach a copy of a UCC-1 Financing Statement of one of its proofs of claim, however, that pertains only to a boat owned by the Debtors. Vanderbilt Mortgage has filed a proof of claim, contending that it has a security interest in a mobile home pursuant to a recording on a certificate of title for a motor vehicle. (Claim No. 9). For purposes of this contested matter the Court will assume that a mortgage upon the property was jointly executed by both Debtors.

-2-

> claim separately the exemption provided herein, to the same extent
> and value as an unmarried individual. For purposes of this section
> and Sections 6-10-38 and 6-10-40, a mobile home or similar dwelling
> if the principal place of residence of the individual claiming the
> exemption shall be deemed to be a homestead.

Under Alabama law, there are two prerequisites for a claim of a homestead exemption: ownership and occupancy. In re Rutland, 318 B.R. 588, 590 (Bankr. M.D. Ala. 2004) (citing Beard v. Johnson, 87 Ala. 729, 6 So. 383 (1889); Frazier v. Espalla, 220 Ala. 446, 125 So. 611, 612 (1929); Blum v. Carter, 63 Ala. 235 (1879)). In the case at bar, there is no dispute that Anita is occupying the property; rather, the sole issue here is whether she has a sufficient ownership interest.

The United States Bankruptcy Court for the Southern District of Alabama handed down a decision in a case with facts similar to the case at bar, holding that a spouse's inchoate dower interest is an insufficient interest so as to permit a homestead exemption claim. In re Cassity, 281 B.R. 365 (Bankr. S.D. Ala. 2001). The court in Cassity acknowledged that laws on homestead exemptions are to be "liberally construed because preservation of homes is of paramount importance." Id. at 366. The court reasoned that "[i]f Mr. Cassity's interest is contingent or inchoate enough that it is not subject to creditor seizure, it is also not choate enough to give rise to a homestead exemption. The key is whether third parties, but for the exemption, would have a right to levy or execute on the property interest." Id. at 366-67. As the interest of Anita in the case at bar is not subject to levy or execution, it follows that she may not claim a homestead exemption.

The Debtors argue that Anita's "inchoate dower interest upon the land in question" is a sufficient property interest so as to permit her to claim a homestead exemption. (Doc. 54, p. 5).

-3-

The Court first notes that the Alabama Legislature abolished the common law right of dower for decedents who die on or after January 1, 1983. ALA CODE § 43-8-57, Acts 1982, No. 82-399, § 2-113. Under current Alabama Law, Anita would have a right to elect a share of the estate of her husband upon his death. ALA. CODE § 43-8-70. This right to elect a share of estate of a deceased spouse is not a property interest, at least not while the spouse is alive. Moreover, the cases cited by Anita in her brief do not support this proposition, and the Court was not able to find any Alabama case law support.

### III. CONCLUSION

For the reasons set forth above, the Court sustains the Trustee's objection and disallow the claim of exemption made by Anita Hendrix, insofar as she claims as exempt, an interest in land owned by her husband. The Court will enter a judgment by way of a separate document in accordance with Rule 9021, FED. R. BANKR. P.

Done this the 29th day of January, 2008.

/s/ William R. Sawyer
United States Bankruptcy Judge

-4-